**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HECTOR ROBERTO PARADA-CHICAS, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 05-72971 <br><br> Agency No. A024-954-831 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 1, 2010
Pasadena, California

Before: SCHROEDER, TALLMAN and M. SMITH, Circuit Judges.

Hector Roberto Parada-Chicas, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") decision dismissing his

appeal from the Immigration Judge's ("IJ") denial of petitioner's applications for

an Immigration and Naturalization Act ("INA") § 212(c) waiver, an INA § 212(h)

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

waiver, and adjustment of status. He was ordered removed on the basis of his California conviction for possession of cocaine for sale and his prior California conviction for assault with a firearm. His case was originally considered by the IJ in 1997 and remanded by the BIA for reasons not relevant here. He now attempts to challenge the use of certain conviction documents admitted in the original, July 1997 hearing. The documents were admitted into evidence at the earlier hearing without objection and, hence, were properly relied upon by the government in the second hearing. We therefore deny the petition for review of that issue.

Parada-Chicas's claims that the immigration court violated his due process rights were never raised to the BIA. Because they were not exhausted, we lack jurisdiction to review them. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

In its review of the IJ's decision, the BIA not only adopted it, but added an additional reason why the petitioner is ineligible for the relief he seeks. The petitioner's conviction for assault with a firearm is an aggravated felony crime of violence. *United States v. Moriel-Luna*, 585 F.3d 1191, 1200–01 (9th Cir. 2009). Because he has been convicted of a crime of violence, there is no statutory counterpart for inadmissibility to the ground on which he was ordered removed. *Id.* Hence, he is barred from relief under the statutory counterpart rule. *Id. at*

1201–02. Petitioner has not challenged the BIA's reliance on that ground in his briefs to us.

The petition for review is therefore **DENIED** in part and **DISMISSED** in part for lack of jurisdiction.